UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Richard R. QUINT,

           Plaintiff,

v.

MARTIN et al.*,*

           Defendants.

Civil No. 3:25-cv-00799 (AWT)

June 16, 2025

**RULING AND ORDER ON
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

    Plaintiff Richard Quint seeks to proceed *in forma pauperis* ("IFP"), requesting a waiver of the $55 administrative fee and postponement of the $350 filing fee, both of which are ordinarily required to commence a civil action. *See* 28 U.S.C. §§ 1914, 1915. Mr. Quint originally submitted a motion for leave to proceed IFP with his complaint on May 16, 2025. ECF No. 2. However, the Court found the initial motion insufficient to determine his IFP eligibility, and Mr. Quint responded by filing a second motion. ECF Nos. 10, 11. Accordingly, the issue is whether Mr. Quint is entitled to proceed IFP based on the information he provided in his second motion. For the following reasons, that motion will be granted.

    Federal law permits a litigant to proceed IFP if he shows that he is unable to pay the fees ordinarily required for initiating a civil action or give security therefor. 28 U.S.C. § 1915(a). A litigant is not required to establish absolute destitution to qualify. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, he must demonstrate that paying the Court's fees would render him unable to provide himself and his dependents with the "necessities of life." *Rosa v. Doe*, 86 F.4th 1001, 1008 (2d Cir. 2023) (internal quotations omitted).

In evaluating a litigant's eligibility for IFP status, the Court may consider his overall financial obligations, including payments owed for prior cases in which IFP status was granted. As the Second Circuit has recognized, "[t]he number of lawsuits a prisoner files is relevant to the prisoner's ability to pay." *Crispin v. Peiri*, No. 21-1283, 2022 WL 2793523, at *1 (2d Cir. July 13, 2022). Similarly, in *Arzuaga v. Quiros* the Second Circuit held that a prisoner remained eligible for IFP status despite receiving a $350 deposit, as that amount was insufficient to cover the cumulative payments he owed under 28 U.S.C. § 1915(b) for three prior cases in which IFP status had been granted. *Arzuaga v. Quiros*, 781 F.3d 29, 34–35 (2d Cir. 2015).

To qualify for IFP status, an incarcerated litigant must also satisfy certain procedural requirements. He must submit both a financial affidavit listing all assets he possesses and a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a).

In this case, Mr. Quint has shown that he cannot afford the $405 in case initiation fees and still provide himself with the necessities of life. Although Mr. Quint's certified trust account statement reflects a balance of $1,014.83 as of May 16, 2025, he has been granted IFP status in three other civil cases. ECF No. 12. As a result, a substantial portion of each deposit into his trust account is currently being withheld to satisfy filing fee obligations in those prior actions. *See* U.S.C. § 1915(b)(2). Of the total balance, only $3.06 was available to Mr. Quint for discretionary spending, with $1,000.83 held in a designated subaccount for payments toward existing filing fee obligations. ECF No. 12. Over the past six months, his average monthly account balance was $2.80, and his average monthly deposits totaled $14.00. EFC No. 10. Mr. Quint has also satisfied the procedural requirements to proceed IFP by providing the Court with a financial affidavit and

a certified copy of his trust fund account statement for the six months preceding his complaint. EFC Nos. 9, 10.  Accordingly, the Court finds that Mr. Quint qualifies for IFP status and will be permitted to waive the $55 administrative fee and defer payment of the $350 filing fee to commence his civil action.  His second motion to proceed *in forma pauperis*, ECF No. 10, is therefore GRANTED, and his first motion, ECF No. 2, is DENIED AS MOOT.

                                        */s/ Thomas O. Farrish*
                                        Hon. Thomas O. Farrish
                                        United States Magistrate Judge